UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

**KARLA CRUZ and ROBERT ROMERO,  Parents,**

    **on behalf of R.C. Student,**

    **Plaintiffs,**

                                                                                             No.  1:19cv277

**v.**

**BOARD OF EDUCATION OF**
**HOBBS MUNICIPAL SCHOOLS,**

    **Defendant.**

**COMPLAINT to ENFORCE IDEA and**
**the PROHIBITION against DISABILITY DISCRIMINATION**
**and IDEA CLAIM for attorney fees**

I.  PRELIMINARY STATEMENT

1.  For more than a decade, Hobbs Municipal Schools has excluded students with disabilities from full school day attendance, directing students to attend the private  "Adolescent Day Treatment" program during a portion of the school day,  rather than attending school.

2.  The Adolescent Day Treatment program was a private "behavior management" program which  did not provide special education or public education and was not supervised by the Hobbs Municipal Schools district.

3.  Upon information and belief, in order to obtain maximum levels of state and federal funding, Hobbs Municipal Schools inaccurately documented and reported full school day attendance for students who actually attended ADT for a portion of each school day.  The School District's  false reporting to New Mexico Public Education Department (NMPED)  included creation of IEP documentation showing that students were provided with a full day/week  of special education services when students were not even in school all day.

4. This case follows a November 2018 IDEA due process administrative hearing for R.C., a minor child who is a student with a disability. Evidence from the IDEA due process hearing established that R.C. attended the Adolescent Day Treatment[1] program in lieu of receiving required public education for over a year, as part of a longstanding practice by Hobbs Municipal School District to exclude children with disabilities who have nonconforming behaviors from receipt of full school day public education.

class action for disability discrimination

5. This complaint seeks equitable remedy for R.C. and for all other students who were denied a full educational day by Hobbs Municipal Schools district pursuant to the District's practice of having students with disabilities, who had nonconforming behaviors, attend Adolescent Day Treatment during the school day instead of the District providing these students with a full school day of education including necessary special education.

IDEA civil action

6. This civil action seeks compensatory education for R.C. for the hours she was not provided any education by Hobbs Municipal Schools because she attended the Adolescent Day Treatment during the school day. This civil action challenges the due process decision's refusal to award compensatory education based on the District's failure to provide a full school day of education during the period from fall 2017 through mid- November 2018.

7. This is also a civil action for attorney fees and costs following the IDEA due

---

[1] Adolescent Day Treatment or "ADT" is the name of the program at issue in this Complaint. ADT is under the umbrella of Guidance Center of Lea County which is a nonprofit. Guidance Center of Lea County services/ programming also includes "Humphrey House" and there is quite a bit of overlap in these three entities and what they do. This complaint's references to ADT include reference to Guidance Center of Lea County and /or Humphrey House if appropriate, since the three names seem to be used interchangeably by the general public.

process hearing in which Plaintiffs were the prevailing parties, pursuant to 20 U.S.C. §1415(i)(3)(B)(I).

## II. JURISDICTION

8. This Court has jurisdiction pursuant to the Individuals with Disabilities Education Act (IDEA) and Section 504 of the Rehabilitation Act.

9. Plaintiffs have exhausted administrative remedies available under IDEA for R.C. pursuant to 20 U.S.C. §1415(l).

10. As to R.C. and members of the prospective class for the disability discrimination claim, further exhaustion of administrative IDEA remedies would be futile and should be excused.

## III. PARTIES, VENUE

11. Plaintiffs Karla Cruz and Robert Romero are the parents of R.C., a minor child. At all material times, R.C. was a student living within the boundaries of the Hobbs Municipal Schools district and was a student who qualified for receipt of special education as a student with disability eligible under the IDEA.  R.C.'s disability creates impairment which limits one or more major life activities, including learning, attention, and behavior.

12. The proposed class, which includes R.C., is made up of Hobbs Municipal School district students who, at any time during the 2015-16, 2016-17, 2017-18, or 2018-19 school years, did not receive full school day/full school week public education required under local policies and state law because they attended Adolescent Day Treatment (ADT) during the school day with approval of Hobbs Municipal Schools.

13. Defendant Board of Education is established by the New Mexico Constitution and state law as the entity which supervises and controls the Hobbs Municipal Schools district. Hobbs Municipal Schools is a Local Educational Agency (LEA) within the meaning of the IDEA. Pursuant to state law, the Board is the legal entity to be sued for claims against Hobbs Municipal Schools. In this complaint, Hobbs Municipal Schools district is referred to as "Hobbs" or "the School District."

## IV. FACTS

14. During the 2016-17 school year, R.C. was a kindergarten student in Hobbs Municipal Schools. She was identified as a student with a disability eligible for receipt of special education during the 2016-17 school year after formal evaluation by the school district in fall of 2016.

15. Student had nonconforming behaviors beginning in kindergarten and staff struggled to meet her needs during all years of elementary school. Staff frequently called parents to come and intervene or to remove Student from kindergarten class and formally reduced her school day to ½ day attendance in spring 2017 based on school staff's inability to meet R.C.'s needs arising out of disability.

16. When the District performed formal evaluation to determine R.C.'s disability eligibility during the fall of 2016, the evaluation results revealed a suspicion of autism. However, the District ignored that result and other available information and never formally evaluated R.C. for autism.

17. Ignoring signs of autism and the District's own psychologist's admonition that Student's behaviors were not willful misbehavior but were resulting from disability, the School

District moved Student to Will Rogers Elementary TABS program at  in the spring of 2017 and formally reduced her to ½ day attendance, toward the end of kindergarten.

18. Staff at Will Rogers Elementary School were not successful in addressing Student's nonconforming behaviors in ths spring and fall of 2017. School staff continued to complain about R.C.'s behaviors and rely on parents to intervene.

19. Eventually,  school district staff directed Parents to obtain services for R.C. at the Adolescent Treatment Center by writing up a "referral" for R.C. to attend Adolescent Day Treatment in August 2017. The District provided school bus transportation for Student to go home every day at noon so she could go the Adolescent Treatment Center every afternoon instead of attending first grade.

20. After several months of R.C.'s ADT attendance, the School District dropped its provision of  bus transportation home and in January 2018, R.C. was picked up from the Will Rogers Elementary school campus every school day at @ 12:30  by the Adolescent Treatment Center van. ADT staff picked  R.C. up in the principal's office every day during the noon hour; upon information and belief, the ADT van driver would "sign out" R.C. each day.

21. From late September/early October 2017 until mid-November 2018, Student was dismissed  early from school every day during the noon hour to attend ADT. It was only after Parents' filing of the Request for IDEA due process hearing that the School District offered R.C. a full school day schedule at her elementary school beginning in mid-November 2018 .

22. Kindergarten/first/second grade students in Hobbs Municipal Schools are provided 1680 minutes per week of education exclusive of recess and lunch. Normal school attendance hours were from 7:50 a.m. until 2:40 p.m. four days a week with early release on

Wednesday afternoons at 1:40.

23.     Since Student was dismissed every day during the noon hour to leave school and go to ADT, she missed every afternoon of classroom/school instruction which resulted in loss of approximately ten hours of schooling each week for eleven months (October 2017-May 2018; August 2018-October 2018) or approximately 440 hours of first and second grade education lost.

24.     The exact instruction and curricula, that Student missed out on because she was dismissed early every single day by the School District, are known only to school district staff since parents were not provided information about what happened at school for other students each afternoon their daughter attended ADT instead of first grade, then second grade.

25.     During this entire period of reduced education, Student's IEPs falsely recorded that the Hobbs Municipal Schools district was providing her with the full 1680 minutes of public education through special education services.

26.     Upon information and belief, each funding period, the School District also reported to the New Mexico Public Education Department that R.C. was a full time student receiving all day special education services, in order to draw down maximum state and federal funding, despite its failure to provide R.C. with a full day of education.

27.     Dismissal of R.C. early each day was done by the School District for its own administrative convenience and ease and not to meet Student's educational needs. She did not receive education or educational benefit from attendance at ADT (Adolescent Day Treatment) which had no education staff and not a single person licensed by the state of New Mexico Public Education Department to teach or provide special education.

28. The Hobbs Municipal Schools and ADT formally established a process for Hobbs students to miss ½ day of school and attend ADT beginning more than a decade ago. Upon information and belief, the formal arrangements may have varied over time but typically allowed that Hobbs would "count" each student as a full time student for its funding purposes while ADT was also billing Medicaid for the "treatment" provided during school hours.

29. The Due Process Hearing officer decision specified that his findings regarding R.C.'s attendance at ADT during school hours and the arrangement(s) between Hobbs Municipal Schools and Adolescent Day Treatment/Guidance Center of Lea County/Humphrey House was not a finding about "any possible systemic practice by the LEA, which is outside the jurisdiction" of the Hearing officer in an IDEA administrative due process for the individual student, R.C.

30. Evidence at the November 2018 due process hearing for R.C. establishes the following facts applicable to the proposed class action for disability discrimination:

(1) The Adolescent Day Treatment program has existed for approximately fifteen - twenty years under the umbrella organization, Guidance Center of Lea County, along with a companion organization, called "Humphrey House."

(2) For more than a decade, certain Hobbs Municipal Schools students have attended ADT during school hours rather than attending school.

(3) ADT, or Adolescent Day Treatment, was not originally established or envisioned as providing service to children as young as 6 or 7 (R.C.'s age during her attendance during 2017, 2018).

(4) The Adolescent Day Treatment program did not provide education of any kind, including special education.

(5) The Adolescent Day Treatment program did not employ any staff licensed by the New Mexico Public Education Department or supervised by the Hobbs Municipal Schools.

(6) Various written contracts or memorandums of understanding between Hobbs Municipal Schools and Guidance Center of Lea County/Humphrey House/ADT provided that public school students would attend ADT during school hours and that Hobbs Municipal Schools District would be allowed to "count" these student for educational funding purposes.

(7) The longstanding arrangement for certain public school students, including students with disabilities, to go to go to ADT during school hours instead of attending school was well known to staff of the Hobbs Municipal School District and had been arranged and agreed to by the Superintendent's office and/or other departments/personnel who had authority for the District, over multiple school years prior to fall 2017 when R.C. began attending ADT.

(8) ADT staff understood that students were sent to ADT by Hobbs Municipal Schools because these students"could not" attend school for a full day.

(9) Hobbs Municipal Schools did not mark students as "absent" when they attended ADT during school hours.

(10) Hobbs Municipal Schools and ADT staff had monthly "staffings" about which parents were unaware and not invited.

(11) It is not clear that either FERPA or HIPPA laws regarding confidentiality of education and medical records were implemented as there appears to have been

freeflowing exchange of records and information between Hobbs Municipal Schools and ADT about students without parents' formal consent or understanding.

(12)   School staff did not document on IEPs that students were dismissed for part of each school day to attend ADT instead of school.

procedural history of IDEA claim

31.   On September 28, 2018 , Plaintiff parents filed a request for IDEA due process hearing against Hobbs Municipal Schools (the District) on behalf of R.C. with the New Mexico Public Education Department pursuant to 20 U.S.C. §1415(b)(6),(7) and 1415 (f).

32.   Plaintiffs' Request for Due Process hearing alleged that the District had denied R.C. a free appropriate public education (FAPE) in violation of the IDEA.

33.   The New Mexico Public Education Department appointed a Due Process Hearing Officer, who then conducted an evidentiary hearing on Plaintiffs' IDEA claims against the District over four days in November 2018 in Hobbs, New Mexico.

34.   The IDEA Due Process Hearing Officer issued his decision on Plaintiffs' claims against the District on February 25, 2019 and it was received on February 26, 2019.

35.   The Due Process Hearing Officer's decision determined that the District had denied R.C. a free appropriate public education (FAPE) and entered an order awarding remedy. Remedy awarded for R.C. did not include compensatory education for hours of education lost when Student attended ADT.

36.  Pursuant to state regulation implementing the IDEA, any challenge to the administrative decision as well as a claim for attorney fees pursuant to 20 U.S.C.

§1415(i)(3)(B)(i)(I) must be filed within 30 days of receipt of the Due Process Hearing officer's decision. §6.31.2.13(I)(26)(b) NMAC.

37.   This Complaint is timely, being filed within 30 days of receipt of the Due Process Hearing Officer's decision.

38.   The Due Process Hearing Officer's decision included a finding that Student was not entitled to compensatory education for all of the hours of public education which she had been denied when she attended Adolescent Day Treatment instead of school. Plaintiffs challenge this finding and the failure to award compensatory education for the hours of education denied.

39.   Plaintiffs substantially prevailed in the administrative IDEA due process hearing.

40.   Plaintiffs are entitled to an award of reasonable attorney fees and costs pursuant to 20 U.S.C. §1415(i)(3)(B)(i)(I).

41.   Attorney fees and costs continue to accrue, including both fees and costs necessary to require implementation of the due process hearing order and fees and costs to file and prosecute this action.

42.   Plaintiff's attorney fees are supported by contemporaneous billing records and hourly fee of $300.00. The rates are reasonable for the kind of work performed.

43.   This lawsuit is filed of necessity to ensure timeliness of such suit and secure the potential for recovery of reasonable fees as allowed by the IDEA.

<u>Disability discrimination</u>

44.   School aged students in New Mexico are all required to attend school during their school district's attendance hours and are entitled to receive instruction in specified curricula as tied to student's age/grade. NMSA §22-12-2(B) ; NMSA §22-13-1(A)-(G). Students with

disabilities who qualify for special education are entitled to receipt of education which conforms to state standards and is provided under public supervision and direction.   20 U.S.C. §1401(9)(A),(B), ( C).

45.     Each school within the Hobbs Municipal School District has prescribed hours of attendance for its students for each school year as documented in student handbooks and on school websites which show the "first bell" and dismissal times.

46.      Hobbs Municipal Schools students who were not provided public education during their hours of attendance at Adolescent Day Treatment program did not receive the hours of education required under state law, since they did not attend school during the prescribed hours of attendance for students at their school.

47.     Hobbs Municipal Schools students who were not provided education during their hours of attendance at Adolescent Day Treatment program did not receive required instruction in curricula as required by state law, since they were not at school during all required school hours and received no instruction from or supervised by licensed public school staff.

48.     Hobbs Municipal Schools District  was deliberately indifferent to the rights of students with disabilities, including these students with nonconforming behaviors, to receipt of a full day of school and instruction required by state law and provided to nondisabled peers.

49.     Hobbs Municipal Schools District was aware that students with disabilities with nonconforming behaviors are entitled to public education and cannot be excluded from  or denied the benefits of public education, including full school day attendance, on the basis of disability.

50.     One purpose of IDEA is to ensure that students with disabilities are not denied

access to appropriate education and education which meets the standards of the state, on the basis of disability.

51.     Hobbs Municipal Schools District systematically excluded students with disabilities who had nonconforming behaviors from access to full school day and education in conformity with state law by funneling these students to Adolescent Day Treatment program. The practice was intentional discrimination on the basis of disability.

52.     Hobbs Municipal Schools district had a policy and practice to refer students with disabilities who had nonconforming behaviors to ADT and then facilitate their attendance at ADT during school day hours in order to avoid having to provide these students with sufficient full-day education.

53.     Hobbs Municipal Schools knew that its failure to provide these students with a full day of education was contrary to its obligations under the IDEA and state law, which is why, upon information and belief, it knowingly reported them, including R.C., as full time students receiving a full day of special education, on all official IEP paperwork and to the NMPED for funding purposes.

54.     At all relevant times, Hobbs Municipal Schools had an official policy of claiming that full school day/week attendance was critical for learning and that it was actively addressing student truancy to ensure student success. Meanwhile, each year, for dozens of students with disabilities whose nonconforming behaviors presented staff with challenge, the District actively supported them not attending school and instead being at ADT during school hours, receiving no education.

V. LEGAL CLAIMS

<u>IDEA civil action challenging remedy</u>

55. Although the evidence showed, and the Due Process Hearing Officer, concluded that Student did not receive any education during all the school hours she attended ADT, the Hearing Officer awarded no compensatory education for this deprivation of education.

56. Plaintiffs challenge: (1) failure to find denial of FAPE based on R.C.'s hours of attendance at ADT during the school day; and (2) failure to award compensatory education for this denial of FAPE.

<u>IDEA civil action for attorney fees</u>

57. Plaintiffs are entitled to award of reasonable attorney fees based on their status as prevailing parties in the due process hearing.

<u>Disability discrimination claims for R.C. and the proposed class</u>

58. The School District failed to provide R.C. with the hours of public education required under state law. Attendance at ADT provided no education and no special education. R.C. was not provided the same hours of education/services that were provided to her nondisabled peers and denial of public education was based on her disability.

59. All members of the proposed class were denied public education by the School District on the basis of disability: they attended ADT during the school day through the formal practice of Hobbs Municipal Schools District to reduce their school day attendance and deny them the hours of public school education and services provided to their nondisabled peers.

60. Defendant Hobbs Municipal Schools district policy to have students with nonconforming behaviors attend ADT during the school day was a decision which was

administratively convenient for the District (which continued to receive full funding from the State for students it was not educating) and was not intended to provide educational benefit for the impacted students or intended to meet students' unique and individualized needs for education arising out of disability.

## VI.  PRAYER FOR RELIEF

Plaintiffs request the following relief:

1. Certification of the proposed class, after application for class certification, with recognition of Plaintiffs as class representatives;

2. Declaratory judgment that Hobbs Municipal Schools practice of having students with nonconforming behaviors attend ADT instead of school denied those students, including R.C., education on the basis of disability in violation of Section 504 of the Rehabilitation Act;

3. Injunctive relief awarding all students in the class, including R.C., appropriate hours of compensatory education to replace and remedy education denied;

4. Amendment of the IDEA due process decision and order to hold that R.C.' s attendance at ADT was a denial of FAPE by Hobbs and awarding R.C. compensatory education to remedy that denial (to the extent not duplicative of remedy created pursuant to the Section 504 disability discrimination claim);

5. Award of reasonable attorney fees and costs for the IDEA administrative due process proceedings on behalf of R.C.;

6. Award of attorney fees and costs for the additional attorney fees and costs in connection with need to file this IDEA civil action;

7. Award of reasonable attorney fees under Section 504 for pursuit of disability

discrimination claims for R.C. and the proposed class;

        8.    Award of such other relief as the Court deems proper.

            Respectfully submitted,

            STEVEN GRANBERG, ATTY. AT LAW

            */s/ Gail Stewart*

            _____
            Gail Stewart
            3800 Osuna NE, Suite 1
            Albuquerque, NM 87109
            (505) 244-3779, x. 3
            gstewart@66law.com
          *Attorney for Plaintiffs*